IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAMES J. ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>          Defendant. | Case No. 4:17-CV-164-JHM<br><br>Chief Judge Joseph H. McKinley, Jr.<br><br>Magistrate _____ |

### NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential") pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the Union Circuit Court, Case No. 17-CI-00215. In support of this Notice of Removal, Prudential states the following:

**Background and Timeliness**

1. On or about November 28, 2017, Plaintiff James R. Robinson ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the Union County, Kentucky, Circuit Court. The lawsuit is recorded on that court's docket as Case No. 17-CI-00215. There are no other parties named in Plaintiff's complaint.

2. Prudential was served on or about December 1, 2017. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A.

3. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

**Federal Question Jurisdiction**

4. In his complaint, Plaintiff alleges that he is a former employee of Sonoco Products Corporation and that he is entitled to certain benefits under Sonoco Products Corporation's Long-Term Disability Plan (the "plan"). (See Ex. A, Compl. ¶¶ 6, 14.) Plaintiff alleges that the plan "is an employee welfare benefit plan within Title I of ERISA" and that his "action is brought under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter 'ERISA')." (*Id.* ¶¶ 3, 7.) The gravamen of Plaintiff's complaint is that he is entitled to benefits under an ERISA-governed employee benefit plan. (*See id.* ¶ 14.)

5. Even if Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA would provide an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including any purported claim for breach of contract alleged in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

6. As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

7. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's lawsuit is a civil action arising under the laws of the United States--ERISA--and this Court has jurisdiction over Plaintiff's lawsuit.

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, Prudential's removal of Plaintiff's lawsuit to this Court is proper. 28 U.S.C. § 1441(a).

## Venue and Notice

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 97(b), this District embraces the Union County, Kentucky, Circuit Court, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

10. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Union County, Kentucky, Circuit Court, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit B.

## Conclusion

11. Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

12. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand

order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

13. Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against it be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

**Dated: December 19, 2017**                Respectfully submitted,

THE PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA

By:
        /s/ P.J. Painter
        One of its attorneys

Paul J. Painter
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
T 502-423-6390
F 502-423-6391
ppainter@qpwblaw.com

*Attorney for Prudential Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on all counsel of record, as listed below, via Federal Express on the 19th day of December, 2017.

>Rodney G. Davis
>Davis Law, P.S.C.
>P.O. Box 1060
>Richmond, KY 40476
>Counsel for Plaintiff
>Telephone: 859-624-3380
>Facsimile: 859-624-0912

/s/ P.J. Painter
Attorney for The Prudential Insurance Company of America